

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FIONA GREENIDGE,

                          Plaintiff,

-against-

NYS DEPT OF LABOR,

                          Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14 CV 4958 (SLT)

**TOWNES, United States District Judge:**

      Plaintiff Fiona Greenidge, proceeding *pro se*, brings this action against defendant New York State Department of Labor, seeking monetary damages for discrimination she allegedly suffered "because of [her] last name" and "family heritage." Attachment, p. 2.[1] Plaintiff's pleading does not allege that plaintiff was ever employed by defendant, but only that defendant discriminated against her by denying her unemployment benefits. Nonetheless, the pleading specifically alleges jurisdiction pursuant to Title VII of the Civil Rights Act of 1964.

      The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, for the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to pursuing in State court whatever remedies plaintiff may have under New York Unemployment Insurance Law.

---

[1] Plaintiff's complaint consists of three pages. The first page—hereafter, the "Complaint"—is a one-page document which lists the parties and their addresses, alleges a basis for subject-matter jurisdiction, states that the only remedy plaintiff is seeking is "Monetary Damages" and notes that plaintiff's "Statement of Claim" is set forth in an attachment. The remaining two pages—the "Attachment"—consist of a two-page letter addressed to an unnamed "Representative" but titled, "Complaint/Statement of Claim."

## BACKGROUND

The following facts are drawn from plaintiff's pleading, the allegations of which are assumed to be true for purposes of this memorandum and order. Plaintiff is a United States citizen who has worked over the past 21 years. On at least two occasions during that period, plaintiff has been unemployed. Plaintiff apparently applied to defendant for unemployment insurance benefits ("UIB") sometime in 2005 and again sometime prior of July 29, 2013.

On both occasions, plaintiff experienced difficulties in obtaining the UIB to which she was entitled. In 2005, she had to "go to a Hearing" in order to obtain the benefits. Attachment, p. 2. An Administrative Judge ("AJ") awarded her one year of benefits, but she received only six months of UIB. *Id.* It is unclear whether plaintiff appealed or otherwise challenged defendant's decision not to pay her UIB for the entire year.

On the second occasion, plaintiff initially received benefits for a period, variously described as one year and one year and nine months. *Id.*, p. 1. When she applied to extend those benefits, she "received an 'acceptance' letter" which stated that she had been "approved for UIB from 7/29/2013 to 8/3/2014," but that her "weekly Benefit amount" was $0.00. *Id.* Plaintiff alleges that during the year that she has "been receiving $0.00 ... most people received an extension for unemployment benefits for one year, that totalled [*sic*] two years of receiving NYS UIB." *Id.*, p. 2.

Plaintiff appealed and twice appeared for a hearing before an AJ who initially introduced herself as Anne Marks, but later claimed to be Dawn Mark. *Id.* Plaintiff claims that this AJ was "very biased and disrespectful." *Id.* Plaintiff's complaint makes it clear that the AJ's ruling was unfavorable to plaintiff, but does not indicate whether plaintiff appealed that decision to the Unemployment Insurance Appeal Board.

In mid-August 2014, plaintiff commenced this action by filing the Complaint and the two-page Attachment, described in footnote 1 above. The Complaint states that the "jurisdiction of the Court is pursuant to Title VII of the 1964 Civil Right Act," alleging that Title VII provides that "The gov't and their agencies should not discriminate against Applicants." The Attachment not only alleges the facts set forth above, but elaborates on the basis of plaintiff's discrimination claim, stating:

> I am being discriminated against in NYC and NYS because of my last name which is Greenidge or Greenwhich as well as ... my family heritage. I have been black listed from working on the professional level even though I am a two times [*sic*] college graduate.

Attachment, p. 2. The Attachment also alleges that defendant's actions violated her "Civil Rights and Constitutional Rights," *id.*, p. 1, but does not elaborate further. The only remedy requested by the Complaint is "Monetary Damages" of some unspecified amount.

## DISCUSSION

### *Standard of Review*

#### *Legal Standard*

Title 28, Section 1915(e)(2)(B), of the United States Code provides that, "[n]otwithstanding any filing fee ... that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (brackets and ellipsis added). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

*Plaintiff's Failure to State a Claim*

In this case, plaintiff's complaint fails to state a federal claim on which relief may be granted. Although plaintiff alleges that this Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, it is clear from the facts alleged by plaintiff that she does not have a Title VII claim. Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). However, plaintiff does not allege that defendant was ever her employer, and does not allege that she is a member of a protected class. To the contrary, plaintiff's complaint states that plaintiff was seeking unemployment benefits from defendant, the State agency which administers such benefits, and alleges discrimination based her surname and "family heritage."

4

Plaintiff's complaint also alleges that defendant has violated her "Civil Rights and Constitutional Rights," suggesting that plaintiff may be seeking to allege a civil rights claim under 42 U.S.C. § 1983. Even assuming that plaintiff's pleading alleges facts suggesting a viable § 1983 claim—and it does not appear to do so—plaintiff's § 1983 claim against defendant is proscribed by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the express language of this Amendment does not prohibit a state's own citizens from maintaining an action against the state in federal court, the Supreme Court has "extended a State's protection from suit to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

The New York State Department of Labor is an agency of the State of New York and, accordingly, enjoys Eleventh Amendment immunity against claims for damages. *Jackson v. NYS Dept. of Labor*, 709 F. Supp. 2d 218, 225-26 (S.D.N.Y. 2010) (DOL, as an agency of the State of New York, is entitled to Eleventh Amendment immunity); *see Phillips v. New York State Dep't of Labor Unemployment Ins. Appeal Bd.*, No. 11-CV-1633 (JS), 2011 WL 2837499, at *2 (E.D.N.Y. July 12, 2011) (Unemployment Insurance Appeals Board, as an agency of the State of New York, is immune from damages under the Eleventh Amendment). To be sure, a state can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. *Couer d'Alene Tribe of Idaho*, 521 U.S. at 267. Moreover,

"Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)). However, it is well established § 1983 does not abrogate the States' Eleventh Amendment immunity, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594-95 (2d Cir. 1990), and there is nothing to suggest that New York State has waived its Eleventh Amendment immunity with respect to suits of this sort. To the contrary, State law prescribes a process through which a claimant who is dissatisfied with an AJ's decision regarding her claim for UIB can appeal that decision. *See* N.Y. Unemployment Ins. Law § 621, *et seq*. If plaintiff wishes to challenge the decision made by defendant and/or an AJ with respect to her claims for UIB, she must utilize that process.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to pursuing whatever remedies plaintiff may have in State court under New York Unemployment Insurance Law. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Dated: January 13, 2015
Brooklyn, New York